**Paul ROLLISON, Jr., et al., Plaintiffs,**

**v.**

**Carroll W. BIGGS, et al., Defendants.**

**Civ. A. No. 80–165 MMS.**

United States District Court,
D. Delaware.

May 22, 1987.

---

Douglas A. Shachtman, Wilmington, Del.; and Brian J. Hartman, of Community Legal Aid Society, Inc., Wilmington, Del., for plaintiffs.

Barry M. Willoughby, of Young, Conaway, Stargatt & Taylor, Wilmington, Del.; for local defendants.

Regina M. Mullen, and Marcia Rees, of the Dept. of Justice, Wilmington, Del.; for state defendants.

## OPINION

MURRAY M. SCHWARTZ, Chief Judge.

On April 2, 1987, this Court held that the local defendants[1] are not responsible for any portion of the attorneys' fees to which plaintiffs in this action are entitled. *Rollison v. Biggs*, 656 F.Supp. 1204, 1211 (D.Del.1987) ("*Rollison II*"). Plaintiffs had asserted that they prevailed against the local defendants in administrative proceedings mandated by the Education for All Handicapped Children Act ("EAHCA"), 20 U.S.C. §§ 1401 *et seq.* They pointed out that the hearing officer presiding at their local due process hearing ordered a prospective change in local private placement procedures. The Court rejected this argument, holding:

> The record in this case ... clearly indicates that there was no causal link between plaintiffs' civil complaint, which was filed in this Court some months after the local hearing officer's report, and the ordered change in procedures. Plaintiffs are not entitled to fees for litigating issues on which they prevailed at the administrative level and which were therefore never the subject of judicial review. *See Latino Project v. City of Camden*, 701 F.2d 262, 265 (3d Cir.1983) (plaintiff entitled to fees not because he prevailed in an administrative proceeding, "but because he was deemed to have prevailed in his lawsuit due to its impact on the administrative proceeding").

*Rollison II*, 656 F.Supp. at 1211; *see North Carolina Dep't of Transp. v. Crest Street Community Council*, — U.S. —, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986) (construing 42 U.S.C. § 1988). Accordingly, the Court held that only the state defendants are liable to plaintiffs for attorneys' fees.

Plaintiffs have moved for reargument. They contend that the rule of *Latino Project* and *Crest Street* is inapplicable to fee awards under the EAHCA because Congress, in enacting the Handicapped Children's Protection Act of 1986 ("HCPA"), Pub.L. No. 99–372, 100 Stat. 796, manifested an intent to permit attorneys' fees for plaintiffs who prevail at the administrative level. Both the local de-

---

1. The defendants in this action may be grouped into two sets: the "state defendants" and the "local defendants." *See Rollison v. Biggs*, 567 F.Supp. 964, 965 n. 1 (D.Del.1983).

fendants and the state defendants oppose plaintiffs' motion.

Plaintiffs argue legislative history and case law mandate the conclusion that plaintiffs who prevail at the administrative level under the EAHCA may bring a civil action for the sole purpose of recovering attorneys' fees. Pertinent legislative history is not supportive of plaintiffs' position. That history emphasizes consistency with other fee-shifting statutes as the overarching criterion:

The committee also intends that section 2 should be interpreted *consistent* with fee provisions of statutes such as title VII of the Civil Rights Act of 1964 which authorizes courts to award fees for time spent by counsel in mandatory administrative proceedings under those statutes. *See New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54 [100 S.Ct. 2024, 64 L.Ed.2d 723] (1980). ...

The committee intends that S. 415 will allow the Court, but not the hearing officer, to award fees for time spent by counsel in mandatory EHA administrative proceedings. This is consistent with the committee's position that handicapped children should be provided fee awards *on a basis similar to other fee shifting statutes* when securing the rights guaranteed to them by the EHA.

S.Rep. No. 112, 99th Cong., 1st Sess. 14 (1985) (footnotes omitted; emphasis added); *see* H.R.Rep. No. 296, 99th Cong., 1st Sess. 5 (1985), U.S.Code Cong. & Admin.News 1986, pp. 1798, 1804.

The floor manager of the HCPA legislation in the House also emphasized consistency:

I will tell my colleagues that it has been considered, that the bill has been accepted overwhelmingly, and the administrative fee language in this bill is identical to that which has been accepted in the Senate. This bill provides to handicapped children and their parents the same rights, no more, no less, that are provided to all other groups under the other Civil Rights Acts of the United States. Handicapped children and their parents deserve no less than those protections which are provided to all of our other citizens.

This bill accomplishes that and no more.

131 Cong.Rec. H9,972 (daily ed. Nov. 12, 1985) (statement of Rep. Williams).

■ The committee reports cite *New York Gaslight Club v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), for the proposition that prevailing parties in administrative proceedings are entitled to a court-ordered fee award. After the HCPA was enacted, however, the Supreme Court characterized the relevant passage in *Carey* as erroneous dicta, and held that under 42 U.S.C. § 1988 plaintiffs may not recover fees for prevailing in administrative proceedings. *See Crest Street,* 107 S.Ct. at 341. Because Congress intended that the HCPA be construed consistent with other fee-shifting statutes, the rule of *Crest Street* applies in special education cases brought under the EAHCA just as the rule applies in other civil rights cases.

*School Board v. Malone,* 662 F.Supp. 999 (E.D.Va. 1987); *Michael F. v. Cambridge School Dep't,* C.A. No. 86–2532–C, slip op. (D.Mass. March 5, 1987) [Available on WESTLAW, DCT database]; and *Burpee v. Manchester School Dist.,* 661 F.Supp. 731, (D.N.H. 1987), do hold that in EAHCA cases counsel fees may be recovered in federal court for work done at the administrative level where the underlying merits never reach the court. These cases, however, ignore the overriding congressional intent to have the HCPA attorneys' fees provision interpreted consistent with all other civil rights fee-shifting statutes.

■ Another basic reason plaintiffs cannot recover attorneys' fees for work performed at the administrative level exists in this case. Plaintiffs may be considered prevailing parties in the administrative proceedings only if they succeeded on any significant issue in the proceedings that achieved some of the benefit plaintiffs sought from administrative review of the decision to deny their financial aid request. *See Hensley v. Eckerhart,* 461 U.S. 424,

433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 910–11 (3d Cir.1985). Both the local hearing officer and the state level review officer, however, denied plaintiffs' request for tuition reimbursement. Moreover, nothing in the record of the administrative proceedings suggests that plaintiffs sought—or benefited from—the prospective change in procedures ordered by the local hearing officer or that any attorney time was spent on this issue.[2] Plaintiffs cannot be said to have prevailed at the administrative level in any genuine way.

An order will be entered denying plaintiffs' motion for reargument.

---

**2.** The local hearing officer ordered that "the New Castle County School District shall within sixty (60) calendar days give an accounting to this Hearing Officer of remedial steps taken to prevent future occurances [sic] of procedural errors as described in this report." Record of Administrative Proceedings, Dkt. 8, at 151. The District complied with this order. *See* Dkt. 8, at 158–59.