Lauren **TURTON, et al., Plaintiffs,**

**v.**

**CRISP COUNTY SCHOOL DISTRICT, et al., Defendants.**

Civ. No. 87–69–ALB–AMER(DF).

United States District Court,
M.D. Georgia,
Albany–Americus Division.

June 22, 1988.

Jonathan A. Zimring, Atlanta, Ga., for plaintiffs.

Phillip L. Hartley, Gainesville, Ga., for defendants.

FITZPATRICK, District Judge.

Presently before the court in the above-referenced action is Plaintiffs' Petition/Motion for an Award of Attorney's Fees and Costs and Defendants' Motion to Dismiss. The question presented by these Motions is whether the Handicapped Children's Protection Act of 1986 (HCPA), 20 U.S.C.A. 1415(e)(4)(B), authorizes an award of attorneys' fees for pursuing an action on behalf of a handicapped child at the state administrative level if the merits of that action are not later contested in federal court. The parties have thoroughly briefed this question, and the court stands ready to rule at this time.

## I. BACKGROUND

Plaintiff Lauren Turton is a handicapped child coming within the protection of the Education for All Handicapped Children's Act (EHA), as amended, 20 U.S.C.A. § 1400 et seq. The Crisp County School District (School District or the District) is responsible for providing Lauren with a "free appropriate public education" as defined in the EHA and interpreted under recent Supreme Court case law.

During the 1985–86 school year, Lauren's parents felt that the Crisp County School District was failing to provide an appropriate education for Lauren. Consequently, Lauren's parents placed her in a private school in Atlanta designed to meet Lauren's special educational needs. Following her placement, Lauren's family initiated an administrative due process hearing seeking reimbursement for the placement and an order requiring the School District to fund private placement in the future. The regional hearing officer found that the parents acted properly in placing Lauren in the private school since the Crisp County School District was not providing her with an appropriate education and appeared unable to do so in the future. The hearing officer refused, however, to give the Turtons all the reimbursement costs they were seeking.

The School District appealed the decision of the regional hearing officer to a state level hearing officer. The Turtons cross-appealed seeking additional reimbursement. The state hearing officer affirmed the regional hearing officer on all grounds. Neither party sought further court review.

During the time the appeal was pending before the state hearing officer, Congress enacted the HCPA. This Act added an

attorneys' fees provision to the EHA. The Act was enacted by Congress to in effect nullify an earlier Supreme Court decision holding that attorneys' fees were not available under the EHA.[1]

Following enactment of the HCPA, counsel for the Turtons attempted to negotiate with the District for a payment of attorneys' fees. When the negotiations failed, counsel filed a motion with the state hearing officer requesting that he be allowed to recover attorneys' fees for work done in the administrative hearings. The hearing officer properly ruled that he had no authority to hear or rule on petitions for attorneys' fees and costs. Within thirty days of the hearing officer's decision, the Turtons filed their request for attorneys' fees and costs in this court.

## II. DISCUSSION

A. *The School District's Motion to Dismiss*

The question before this court involves the interpretation of the HCPA. The relevant portion of the Act reads as follows:

(e)(4)(B) In any *action or proceeding* brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

20 U.S.C.A. § 1415(e)(4)(B) (Supp.1988).

The School District contends that the HCPA does not provide a private right of action in federal court to recover attorneys' fees for work done solely at the administrative level. The District argues that the HCPA allows a court to award attorneys' fees only after the state administrative process has been exhausted, *and* the losing party has filed suit in federal court contesting the adverse state rulings. Since the rulings of the hearing officers concerning the merits of Lauren's case are not being contested in this court, the District contends that the statute does not

authorize an award of attorneys' fees to the Turtons.

The School District first points to the plain language of the statute to support its position. Specifically, the District contends that the phrase "any action or proceeding brought under this subsection" restricts the authorization of attorneys' fees to actions brought in federal court. The District correctly points out that the word "subsection" refers to subsection (e). The District then argues that subsection (e) refers only to actions brought in federal court following the exhaustion of the state administrative process.

This court does not agree that the phrase "action or proceeding brought under this subsection," as it is used in (e)(4)(B), should be given the narrow reading the District desires. As noted by the district court in *Unified School Dist. No. 259 v. Newton,* 673 F.Supp. 418, 420 (D.Kan.1987), the term "action or proceeding" should be interpreted to include both civil actions and administrative hearings and appeals. Indeed, in other parts of the HCPA, Congress used the word "proceeding" to refer either to state administrative proceedings alone, or to both state administrative proceedings and federal civil actions. Moreover, subpart (e)(4)(D)(i) refers to two state administrative proceedings. Accordingly, bringing an action or proceeding under subsection (e) can be read to mean bringing a claim at the administrative level. *Newton,* 673 F.Supp. at 420; *accord Prescott v. Palos Verdes Peninsula Unified School Dist.,* 659 F.Supp. 921, 923 (C.D.Cal.1987).

Because the varied uses of the word "proceeding" in the HCPA raises a question as to the interpretation of the statute, the court must consider the legislative history in determining Congress' intent. The relevant portions of the legislative history are thoroughly discussed in *Newton, supra,* at 421–22. As pointed out in *Newton,* the legislative history "amply demonstrates that attorneys' fees for work at the administrative level *are recoverable* in a separate

---

1. The Supreme Court decision the HCPA nullified was *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984).

action in federal court." *Id.* at 420–21 (emphasis in original). One interesting part of the legislative history shows that those congressmen who opposed the award of attorneys' fees for work done only at the administrative level were able initially to insert a sunset clause on the attorneys' fees provision in the bill. The sunset clause would have amended "action or proceeding" of section 1415(e)(4)(B) to "civil action" after four years. Thus, the sunset clause would have eliminated a private action to recover attorneys' fees for work at the administrative level after four years. Although the House passed the form of the bill including the sunset clause, the House–Senate Conference Committee eliminated the sunset clause. H.R. Conf.Rep. No. 687, 99th Cong., 2d Sess. 5, 7 *reprinted in* 1986 U.S.Code Cong. & Admin.News, 1798, 1807, 1809. Moreover, the report accompanying the Senate version of the HCPA explained that the Act would provide "for the award of reasonable attorney's fees to prevailing parents in EHA civil actions *and in administrative proceedings....*" S.Rep. No. 112,99th Cong., 1st Sess. 2, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1800 (emphasis added). This court is persuaded that the legislative history mandates a conclusion that the HCPA authorizes a prevailing party to bring an action in federal court to recover attorneys' fees for work done solely at the administrative level.

The District also contends, however, that a recent Supreme Court decision supports their position that the HCPA does not authorize a private right of action to recover attorneys' fees for work done at the administrative level. *North Carolina Dep't of Transp. v. Crest Street Community Council, Inc.,* 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986). In *Crest Street* the Supreme Court held that the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, does not authorize a court to award attorneys' fees for work done in pursuing a civil rights claim at the administrative level. *Id.* at ——, 107 S.Ct. at 340. The Court held that section 1988 authorizes a court to award attorneys' fees only when an aggrieved party has brought an action

in federal court to enforce a listed civil rights law. *Id.* The Court also held that if an action were filed in federal court to enforce one of the civil rights covered by section 1988, a court may still award attorneys' fees for time spent on administrative proceedings to enforce the civil rights claim prior to the litigation. *Id.* at ——, 107 S.Ct. at 341.

The same *Crest Street* argument raised by the School District in this case was fully considered and rejected in *Newton, supra,* at 422–23. As noted by Judge Theis in *Newton,* unlike section 1988, the language and legislative history of the HCPA support the conclusion that Congress intended to authorize an award of attorneys' fees for work done solely at the administrative level. *Id.* But more important to this court's rejection of the District's *Crest Street* argument is the fact that the HCPA is significantly different from the civil rights statute being considered in *Crest Street.* First, in the HCPA Congress established detailed and specific administrative remedies that must be exhausted before an aggrieved party can pursue an action in federal court. Conversely, section 1988 does not require a party to pursue an administrative process before filing suit. Second, the EHA encourages attorneys to participate in the administrative hearings in an attempt to resolve a dispute before it reaches federal court. Section 1988 does not encourage attorneys to resolve civil rights disputes at an administrative level. Third, the HCPA states that the rulings of administrative officers will be final and binding on the parties if not contested in federal court. Section 1988 contains no such provision.

Finally, the School District questions the constitutionality of the HCPA. Simply stated, the District's argument is that in establishing an attorneys' fees provision in the EHA, Congress overstepped the authority granted to it under the spending clause by imposing retroactive conditions on those states receiving funds pursuant to the EHA. This argument has been considered and rejected in other district courts for the simple reason that the EHA was

enacted under the fourteenth amendment, and not solely under the spending clause of Article I, section 8 of the Constitution. *See, e.g., Newton,* 673 F.Supp. at 423–24. Indeed, the EHA was enacted to protect a handicapped child's fourteenth amendment right to equal protection of the law. *Id.* at 424. "Federal-state funding statutes enacted under Congress' fourteenth amendment powers do not implicate the quasi-contractual relationship of spending power statutes." *Id.* at 423, citing *Pennhurst State School & Hosp. v. Halderman,* 451 U.S. 1, 17, 101 S.Ct. 1531, 1539, 67 L.Ed.2d 694 (1981).

Because the HCPA was enacted under Congress' power to enforce the fourteenth amendment, it must be reviewed under the rational basis test. *See Pension Benefit Guaranty Corp. v. R.A. Gray & Co.,* 467 U.S. 717, 729, 104 S.Ct. 2709, 2717, 81 L.Ed. 2d 601 (1984). Congress' legitimate and rational purpose for enacting the HCPA was to nullify an earlier Supreme Court decision denying attorneys' fees under the EHA and to erase the effects of that decision by making the statute retroactive to the date the decision was issued. *Newton,* 673 F.Supp. at 424. Under the rational basis test, the HCPA passes constitutional muster.

This court should point out that at least two other district courts have found that the HCPA does not provide a private cause of action to recover attorneys' fees for work done solely at the administrative level. *Mitten v. Muscogee County School Dist.,* Civ. Action No. 87–76–COL (M.D. Ga. Mar. 11, 1988) [available on WESTLAW, 1988 WL 84123]; *Rollison v. Biggs,* 660 F.Supp. 875 (D.Del.1987). In *Rollison* the court relied on *Crest Street* and three references in the legislative history of the Act which state that the HCPA was to be interpreted consistently with all other civil rights fee-shifting statutes. *Id.* at 877.[2] Since *Crest Street* held that section 1988, a fee-shifting statute, did not authorize an award of attorneys' fees for

work done at the administrative level absent a subsequent federal action, the *Rollison* court found that the HCPA should not be read to authorize a similar award. In *Mitten,* Judge Elliott relied on the rationale set forth in *Rollison.*

This court has considered these two cases carefully and finds that they do not properly interpret the scope of the *Crest Street* ruling or Congress' intent in passing the HCPA. The court already has noted the differences between the HCPA and section 1988. Moreover, this court agrees with Judge Theis who found that "[t]he three references to consistent interpretation among fee statutes [found in the legislative history and] cited by the *Rollison* court are simply insufficient in scope, detail or context to vitiate the import of the multitude of other passages discussing attorneys' fees at the administrative level." *Newton,* 673 F.Supp. at 423. Moreover, the *Rollison* and *Mitten* decisions are contrary to the great body of case law in this area. *See Moore v. District of Columbia,* 666 F.Supp. 263, 265–266 (D.D.C.1987); *Dodds v. Simpson,* 676 F.Supp. 1045, 1047 (D.Or.1987); *Newton,* 673 F.Supp. at 425; *Kristi W. v. Graham Indep. School Dist.,* 663 F.Supp. 86, 88 (N.D.Tex.1987); *Burpee v. Manchester School Dist.,* 661 F.Supp. 731, 733 (D.N.H.1987); *Prescott v. Palos Verdes Peninsula Unified School Dist,* 659 F.Supp. 921, 925 (C.D.Cal.1987); *Keay v. Bismarck R–V School Dist.,* 1986–87 EHLR 558:317, 558:318 (E.D.Mo. April 14, 1987) [available on WESTLAW, 1987 WL 16882]; *Michael F. v. Cambridge School Dep't.,* Civ. Action No. 86–2532–C (D.Mass. March 5, 1987) (available on WESTLAW, 1987 WL 7752). Today this court joins the majority of district courts deciding this issue in finding that where the parents of a handicapped child are successful at the administrative level of proceedings under the EHA, they may apply to a federal court for an award of attorneys' fees notwithstand-

---

2. The *Rollison* court also found that the plaintiffs were not entitled to recover attorneys' fees for work performed at the administrative level since the plaintiffs could not be considered the prevailing parties for purposes of the HCPA. In the instant case, the School District concedes that the Turtons prevailed in the administrative hearing on the overriding issue of the appropriate prospective placement for Lauren.

ing the fact that the underlying merits of their claim are not under consideration.

## B. *The Turton's Petition for Attorney's Fees*

Under the HCPA the Turtons are entitled to recover attorneys' fees only if they were the prevailing parties at the administrative level. A plaintiff may be considered a prevailing party if he or she succeeded on any significant issue in the administrative proceedings which achieved some of the benefits sought in bringing the claim. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The parties do not dispute the fact that the Turtons prevailed on the primary issue raised in the administrative hearings, that issue being the appropriate educational services for Lauren. Accordingly, the court finds that the Turtons were prevailing parties for purposes of the HCPA.

The School District argues, however, that although the Turtons prevailed on the placement issue, they did not prevail on their request that they be reimbursed for the costs of unilaterally placing Lauren in a private school at the beginning of the 1985–86 school year. The District contends that the reimbursement issue is separable and distinct from the placement issue, and therefore, counsel for the Turtons should not be reimbursed for any time spent researching and briefing the reimbursement issue. The School District asks that the total hours submitted for researching and briefing, 26.8 hours, be reduced by fifty percent to 13.4 hours. The District also asks this court to disallow the 13.6 hours spent in an attempt to recover attorneys' fees through the administrative process. The District argues that the law was clear that administrative hearing officers had no authority to grant attorneys' fees, and the pursuit of those fees at the administrative level was fruitless. Finally, the District objects to any reimbursement for experts who did not testify at the hearing and who did not provide documentation that was used in the hearing. Specifically, the District objects to a $415.62 consulting and evaluation fee submitted by counsel for the

Turtons for an expert who was not at the hearing, but who the Turtons and their counsel contend provided assistance in the development of the case. In total, the District asks that the request for attorneys' fees be reduced by 27 hours and the costs reduced by $415.62.

■ As to the District's first contention that the reimbursement issue is separable and distinct from the placement issue, counsel for the Turtons correctly points out that the case law supporting the reimbursement and placement claims is essentially the same, and the research activities would result in substantial overlap. In addition, counsel for the Turtons has shown this court that although the Turtons did not get all the reimbursement for which they asked, they did receive some reimbursement. Consequently, the court cannot agree with the District that the total researching and briefing hours should be reduced by fifty percent.

■ Moreover, as to the District's contention regarding the 13.6 hours spent pursuing attorneys' fees at the administrative level, counsel for the Turtons asserts that the fruit of this 13.6 hours of labor was used in pursuing the request for attorneys' fees in this court. Thus, the challenged 13.6 hours was spent on developing a brief "that was a substantial basis for the brief in support of the petition in this case." Plaintiff's Reply Brief, p. 10 (filed December 7, 1987). The District has not been double-charged for the time spent pursuing attorneys' fees, and this court agrees with counsel for the Turtons that the 13.6 hours challenged by the District are fully compensable.

■ Finally, the court finds the District's argument regarding the $415.62 evaluation fee to be unpersuasive. Counsel for the Turtons has stated that even though the expert in question did not testify at the hearing, he helped in the preparation of the Turtons' case. The court finds that the expert's fee should be compensable even though he did not appear at trial.

The Supreme Court has recognized that "[t]here is no precise rule or formula" for district courts to follow when determining the appropriate amount of attorneys' fees to award in a case where the plaintiff has been successful on most, but not all, of the claims asserted. *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941. In *Hensley* the Court noted that "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436–37, 103 S.Ct. at 1941. The Court went on to state that a district court "necessarily has discretion in making this equitable judgment." *Id.* at 437, 103 S.Ct. at 1941.

In the instant case, counsel for the Turtons has voluntarily agreed to an overall thirteen percent reduction in the amount of fees originally submitted. This reduction is equal to approximately 10.5 hours at $95.00 per hour. The court finds that the reduction suggested by counsel for the Turtons is equitable to both parties, and according to its authority to do so, the court will subtract 10.5 hours from the total number of hours submitted in the petition for attorneys' fees.

Pursuant to the court's findings, the total amount of attorneys' fees and costs to be awarded to counsel for the Turtons is as follows:

| | |
|---|---|
| 76.30 hours @ $95.00 | $7,248.50 |
| 5.00 hours @ $85.00 | $ 425.00 |
| Total Fees before Reduction | $7,673.50 |
| Less 13% Reduction | $−997.50 |
| Total Fees | $6,676.00 |
| Total Costs and Expenses | $1,475.29 |
| Total Reimbursement Awarded | $8,151.29 |

In sum, the court finds that where parents of a handicapped child are successful at the administrative level of a proceeding under the EHA, the HCPA allows them to apply to a district court for an award of attorneys' fees, even if the merits of the case are not being considered. The court further finds that counsel for the Turtons should be awarded attorneys' fees and costs in the amount of $8,151.29 for work done in the administrative hearings preceding this litigation.

Accordingly, Defendants' Motion to Dismiss is DENIED, and Plaintiffs' Petition/Motion for an Award of Attorneys' Fees and Costs is GRANTED pursuant to the court's findings set forth above.