Hillsborough, ⎱
June 26, 1915. ⎰

### STATE v. ARTHUR PRINCE.

A statute which abridges a common-law right is not unconstitutional unless such interference is clearly unreasonable.

The statute prohibiting the sale or exchange of a horse unfit for labor (Laws 1909, c. 8) is not in conflict with article 2 of the bill of rights.

APPEAL, from the police court for the district of Nashua. The complaint charged that the defendant, at Nashua, on August 11, 1913, sold a horse which was unfit for labor. The defendant seasonably moved to quash the complaint on the ground that the statute under which it was brought is unconstitutional. The motion was denied, and the defendant excepted. Transferred from the January term, 1915, of the superior court by *Branch*, J.

*John R. Spring*, solicitor, for the state.

*Doyle & Lucier*, for the defendant.

PLUMMER, J. It is not contended by the respondent that section 1, chapter 267, of the Public Statutes, relating to cruelty to animals, is unconstitutional, but that the amendment of said section contained in chapter 8, Laws of 1909, is not constitutional. This amendment inserted in the statute the words "sell or exchange," so that the statute as amended provides that if any person shall sell or exchange any animal when unfit for labor, he shall be punished. It is claimed that this amendment violates the rights of the respondent under article 2 of the bill of rights.

"The constitutionality of a legislative act is to be presumed, and a statute is not to be held unconstitutional unless a clear and substantial conflict exist between it and 'the constitution." *State* v. *Marshall*, 64 N. H. 549; *Rich* v. *Flanders*, 39 N. H. 304. The tests for determining the constitutionality of the statute in question are laid down in *Carter* v. *Craig, ante*, 200. The mere fact that it interferes with a prior common-law right is not sufficient. It must also appear that the interference is an unreasonable one. And since the wisdom and reasonableness of proposed legislation is primarily for the legislature to decide, its conclusion upon the subject cannot be set aside unless it "is so clearly unreasonable that the court can say no fair-minded man can think it reasonable." *Ib.* 206.

It is a matter of common knowledge that the traffic in disabled horses is a prolific source of cruelty to such animals. It was clearly competent for the legislature to prohibit such transactions. It might have limited the act so that it would apply only to horses permanently unfit for labor, but this would manifestly tend to weaken the efficiency of the prohibition. Considering the nature of the subject it was dealing with, it cannot be said that all reasonable men would conclude that it was unreasonable to make the prohibition so sweeping that it would in some cases include transactions which would be entirely reasonable, considered as isolated instances. A statute manifestly calculated to prevent a prevalent evil and to promote the welfare of society is not to be declared unreasonable and unconstitutional simply because it may impose some restrictions upon the property rights of certain individuals. "The question of individual enjoyment is one of public policy and not of private right." *Magner* v. *People*, 97 Ill. 320, 334. The case is not distinguishable in principle from *Carter* v. *Craig*, before cited. The penalizing of a certain class of conveyances generally, because in some instances they might be used to defraud the state, was held to be within the legislative power. So here, the general prohibition of the sale of horses unfit for labor is justified by the fact that in many instances such sales tend to increase cruelty to animals.

*Exception overruled.*

All concurred.