Hillsborough,
June 1, 1920.

## JUDITH A. HODGE & a. *v.* MANCHESTER.

Laws 1913, *c.* 121, discharging land dedicated to a public use from the public servitude unless used within twenty years thereafter, though retrospective in its action, is not unconstitutional; *art.* 23 of the bill of rights guarantees the private rights of individuals, and is not a protection to the state or to a political subdivision thereof against action by the state. Nor is that statute unconstitutional under Part II, *art.* 5 of the constitution, as an unreasonable exercise of legislative power.

Failure to notify a landowner of a hearing on a petition to lay out a highway renders the proceeding voidable on *certiorari*, if he has neither confirmed the action of the municipality nor waived his right to question it.

PETITION, for a writ of *certiorari*. Facts agreed. The plaintiffs are the heirs at law of Jeremiah Hodge who died July 16, 1916. Hodge bought a tract of land in 1873 from the Amoskeag company, described in his deed as bounded on the south by Summer street as shown on a plan on file in the company's office. This plan was recorded in 1844. From that time until Oct. 6, 1916, Summer street as designated on the plan and referred to in the deed was never opened, built or used for public travel. Hodge immediately after his purchase built a fence on the center line of that street as shown on the plan, and occupied the land in his business until his death. A few days thereafter, a petition was filed asking the mayor and aldermen to lay out a public highway over the land described on the company's plan as Summer street. They fixed a day and place for the hearing, and on that date laid out a highway over the land. No notice of the hearing was given the plaintiffs and they had no actual knowledge of the proceedings until it was too late for them to appeal. It is agreed that if they were the owners of land fenced by Hodge, justice requires that the prayer of the petition be granted. Transferred from the January term, 1919, of the superior court by *Allen*, J., without a ruling.

*Taggart, Tuttle, Wyman & Starr (Mr. Wyman* orally), for the plaintiffs.

*Thomas H. Madigan, Jr.* (by brief and orally), for the defendant.

YOUNG, J. The plaintiffs are the owners of the land in question unless Laws 1913, *c*. 121 is unconstitutional. This act provides in substance that land which has been, or may hereafter be dedicated to the use of the public for highway purposes, shall be released and discharged of the public servitude unless it is used for public travel within twenty years after it is dedicated to the use of the public. The defendant contends that this act in so far as it is intended to apply to dedications made before it was passed, is in conflict with *art.* 23 of the bill of rights; but as the law is understood in this jurisdiction the office of the bill of rights is to protect private rights. Trustees of *Dartmouth College* v. *Woodward*, 1 N. H. 111, 129. In short, the office of the bill of rights is to protect individuals from the state — not to protect the state from itself. *Wooster* v. *Plymouth*, 62 N. H. 193, 201. Since this is so, the defendant is not entitled to the benefit of *art.* 23, for the city of Manchester is a mere political subdivision of the state with no rights except such as the state gives it. If, therefore, *c.* 121 is unconstitutional, it must be because of some other provision of the constitution.

The only other provision in any way applicable is Part II, *art.* 5. This article provides among other things, that "full power and authority are hereby given . . . to the said general court, . . . to make, ordain, and establish all manner of wholesome and reasonable . . . laws . . . so as the same be not repugnant . . . to this constitution."

The test, therefore, to determine whether *c.* 121 is forbidden by article 5 of the constitution, is to inquire whether all fair-minded men must agree that enacting this chapter was an unreasonable exercise of legislative power, for there is no provision of the constitution which forbids its enactment in terms. *State* v. *Prince*, 77 N. H. 581. *Carter* v. *Craig*, 77 N. H. 200, 203.

Instead of the court being able to say that, it can say all fair-minded men will agree that releasing the public servitude, if the city or town neglects for twenty years to use the land for public travel, is the only reasonable thing to do.

The other question considered is as to the effect of the defendant's failure to notify the plaintiffs of the hearing on the petition to lay out a highway over the land in question. Although the defendant's failure in this respect did not render the proceeding void (*State* v. *Richmond*, 26 N. H. 232) it rendered it voidable (*Grand Trunk Railway Co.* v. *Berlin*, 68 N. H. 168) and as the plaintiffs have neither confirmed the action of the mayor and aldermen in laying out Summer

street, nor waived their right to question it, the order must be: The prayer of the petition is granted, and the laying out of Summer street is quashed, in so far as the plaintiffs are concerned.

*Case discharged.*

All concurred.