**Clayton Russell JAMES; Mary Ellen James; Clayton E. James, Jr.**

v.

**NASHUA SCHOOL DISTRICT; City of Nashua, New Hampshire.**

**Civ. No. 88–460–D.**

United States District Court, D. New Hampshire.

July 27, 1989.

Matthew R. Carnevale, Jr., for plaintiffs.

Mark J. Bennett, Nashua, N.H., for defendants.

## ORDER

DEVINE, Chief Judge.

In this action, plaintiffs ("the Jameses") seek $12,530 in attorney's fees from defendants Nashua School District and the City of Nashua ("defendants" or "Nashua") pursuant to the Education of the Handicapped Act ("EHA"), 20 U.S.C. § 1400, *et seq.* (1988). The Jameses contend that Nashua should pay the attorney's fees they incurred during a 1984 hearing before the New Hampshire Department of Education at which the Jameses successfully argued that defendants should provide residential placement for Clayton E. James, Jr. Jurisdiction is founded on 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights). Currently before the Court are defendants' motion for summary judgment, Rule 56, Fed.R.Civ.P., or to dismiss, Rule 12(b)(6), Fed.R.Civ.P., and plaintiffs' cross-motion for summary judgment.[1]

Rule 56(c), Fed.R.Civ.P., provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden is upon the movant to establish the lack of a genuine and material factual issue, *Finn v. Consolidated Rail Corp.,* 782 F.2d 13, 15 (1st Cir.1986), and the Court must view the record in the light most favorable to the nonmoving party, according such party all beneficial inferences to be discerned from the evidence. *Ismert & Assoc. v. New England Mut. Life Ins. Co.,* 801 F.2d 536, 537 (1st Cir.1986). The nonmoving party cannot rely on mere allegations in support of its case, Rule 56(e), Fed.R.Civ.P., but must bring forth "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sar-*

*gent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)).

### I. Background

Clayton, the Jameses' educationally handicapped son, is now twenty years old. In 1978, Clayton began attending a day program at the Mount Hope School in Nashua, New Hampshire. In January 1983, the Jameses requested that the School District place Clayton in a residential program. The School District rejected their request. The Jameses subsequently moved for a hearing before the Department of Education. On July 25, 1984, the hearing officer determined that Clayton should be placed in a residential facility. Nashua did not appeal the hearing officer's decision, and the parties settled the matter with the consent of all involved. Clayton was placed in a residential program at defendants' expense. At that time, attorney's fees were not available to prevailing parties under EHA, *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), and the Jameses did not apply for such fees.

On August 5, 1986, however, Congress amended the Act, permitting parties that prevail in EHA claims to recover attorney's fees. *See* Handicapped Children's Protection Act of 1986 ("HCPA"), Pub.L. No. 99–372, 100 Stat. 796 (1986) (codified as amended at 20 U.S.C. § 1415). In relevant part, the amendment provides as follows:

> In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

20 U.S.C. § 1415(e)(4)(B). The Jameses did not apply for attorney's fees at that time.

In 1988 the Nashua School District reopened the James case, seeking to place

---

**1.** Because defendants have presented evidence outside the pleadings, the Court treats their motion as one for summary judgment. *See* Rule 12(b).

Clayton in a day program. After reviewing the file, the Jameses' attorney discovered that they could be entitled to recover fees incurred in the earlier action.[2] On November 22, 1988, the Jameses filed the instant action for such fees. Nashua then filed the pending motion for summary judgment. Defendants assert four arguments in support of their motion. The Court discusses each of Nashua's arguments seriatim.

### A. Prevailing Party

■ Nashua contends that the Jameses were not "prevailing parties" at the administrative hearing and therefore do not qualify for attorney's fees under EHA. After the 1984 hearing, the hearing officer directed the Nashua School District to place Clayton in one of two "recommended" residential schools. The Jameses ultimately secured residential placement for their son, although he was not placed in one of the two "recommended" residential schools. *See* Affidavit of Gail Barringer at ¶ 8. Thus, although the Jameses succeeded in placing their son in a residential facility, defendants argue that they did not "prevail" as that term is defined in the EHA.

The legislative history of EHA makes it clear that the Court must interpret the term "prevailing party" in a manner "consistent with the United States Supreme Court's decision in *Hensley v. Eckerhart,* 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983)." S.Rep. No. 112, 99th Cong., 2d Sess. 13–14, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1803. Hensley states that in order to be declared a prevailing party, a claimant must " 'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Id.,* 461 U.S. at 433, 103 S.Ct. at 1939 (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)). *Hensley* describes the re-

quirement as "a generous formulation that brings the plaintiff only across the statutory threshold." *Id.* As the Supreme Court noted, "the result is what matters." *Id.* 461 U.S. at 435, 103 S.Ct. at 1940. The Court finds that the Jameses succeeded on a "significant issue" in the litigation because Clayton was placed in a residential facility. Accordingly, the defendants' contention that plaintiffs were not "prevailing parties" must fail.

### B. Statute of Limitations

■ The Jameses filed the instant claim for attorney's fees on November 22, 1988, two years and 109 days after the cause of action accrued.[3] Defendants argue that because the Jameses' claim is subject to either a 180–day or a one-year statute of limitations, it is untimely. The Court disagrees.

Although EHA provides for attorney's fees under section 1415(e)(4)(B), the statute does not specify a limitation period. "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). In selecting the proper state statute of limitations, "we must characterize the essence of the claim in the pending case and decide which state statute provides the most appropriate limiting principle." *Id.* at 268, 105 S.Ct. at 1942. "In determining whether a state-created cause of action is sufficiently analogous to the cause of action created by the EHA ... courts compare the scope of judicial review permitted under state law to the scope of judicial review provided in the EHA...." *Schimmel by Schimmel v. Spillane,* 819 F.2d 477, 481 (4th Cir.1987).

---

2. The Disabilities Rights Center, which has represented the Jameses at all relevant times, was prevented by its bylaws from seeking fees in cases such as this until the bylaws were amended in June 1987.

3. A claim accrues when plaintiff is first able to maintain the cause of action in question. *Federal Sav. & Loan Ins. Corp. v. Haralson,* 813 F.2d 370, 377 (11th Cir.1987). Plaintiffs here were first able to assert their claim for attorney's fees on August 5, 1986, when Congress amended the EHA to provide for such a claim.

Defendants contend that the Court should apply the limitations periods contained in New Hampshire Revised Statutes Annotated ("RSA") 354–A:9 III (180 days) or RSA 275:41 (one year). Because the scope of judicial review under both statutes is narrower than that under the EHA, the Court finds that neither statute supplies an appropriate limiting principle to apply in the case at hand.

RSA 354–A:9 sets forth the procedures under which a person brings a complaint to the New Hampshire Human Rights Commission. Section III requires a complainant to file his/her complaint "within 180 days after the alleged act of discrimination." RSA 354–A:10, which outlines the scope of judicial review for RSA 354–A:9, states: "The review shall be heard on the record. . . ." 354–A:10 IV. In contrast, the review of the district court under EHA is broad: "In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2). "When the scope of review provided under state law is narrower than the scope of review provided in the EHA, some courts [including this Court] have concluded that the state cause of action is not sufficiently analogous to the cause of action created by the EHA to permit application of the state statute of limitations." *Schimmel, supra,* 819 F.2d at 481; *see also Edward B. v. Brunelle,* 662 F.Supp. 1025, 1032 (D.N.H. 1986) (30–day New Hampshire statute of limitations not applicable to action under EHA because judicial review under the New Hampshire statute does not provide

for the introduction of evidence in addition to the administrative record).

"State statute[s] of limitations designed to govern judicial proceedings in which the court merely reviews the administrative record to determine if the agency decision is supported by substantial evidence *should not* be applied to federal proceedings in which the court is empowered to make an independent determination based on evidence not found in the administrative record." *Monahan v. Nebraska,* 491 F.Supp. 1074, 1085 (D.Neb.1980) (emphasis added), *modified on other grounds,* 645 F.2d 592 (8th Cir.1981), *cert. denied,* 460 U.S. 1012, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983). The Court finds that RSA 354–A:9 III does not apply to a federal claim under 10 U.S.C. § 1415 since the judicial review under the state statute is not the same as the review under EHA.

Moreover, limiting an attorney's fee application to 180 days would contravene the federal policy behind the EHA. As stated by Senator Weicker, the presiding officer of the Senate Conference Committee on the HCPA, a month before HCPA became law, "What we do here today is to make the Education of Handicapped Act consistent with more than 130 other fee shifting statutes which provide for the award of attorney's fees to parties who prevail in court to obtain what is guaranteed to them by law. Without this remedy, many of our civil rights would be hollow pronouncements available only to those who could afford to sue for enforcement of their rights." 132 Cong.Rec.S. 9277 (July 17, 1986). "A short statute of limitations would tend to negate Congressional intent to encourage fee petitions for proceedings brought prior to adoption of the statute." *Michael M. v. Board of Educ. of New York City School Dist.,* 686 F.Supp. 995, 1002 (E.D.N.Y. 1988).[4]

---

**4.** Defendants argue that RSA 354–A:9 is the New Hampshire version of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), and that this Court should find the 180–day limitation applicable to 354–A:9 actions also applies here. To support its argument, defendants cite the Senate Committee Report on HCPA which refers courts to the Title VII proceedings in *New York Gaslight v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), to interpret the

language of the HCPA. *See* S.Rep. No. 112, 99th Cong., 2d Sess. 14, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1804. At issue in *New York Gaslight* was whether the language "any action or proceeding" under Title VII's attorney's fees provision entitled a prevailing party to fees for representation at the administrative level. Accordingly, courts interpreting the "any action or proceeding" language in HCPA have followed the *New York Gaslight*

For similar reasons, the Court rejects Nashua's contention that RSA 275:41 supplies an appropriate limiting principle. RSA 275:41 requires a claimant in certain sex discrimination suits, RSA 275:39, to commence the action within one year.

As with RSA 354–A:9 III, discussed above, the scope of judicial review under 273:11–d (which governs 275:39 actions) is more restrictive than judicial review under the EHA. RSA 273:11–d III states: "The review of the court shall be confined to the record. No evidence shall be received in the court." For the reasons outlined above in the Court's discussion of RSA 354–A:9 III, RSA 275:41 is also an inappropriate limiting principle to apply to an action under the EHA.

Instead, the Court finds that RSA 508:4 I provides the most appropriate state statute of limitations for an action under the EHA. RSA 508:4 I states: "Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years."

First, the judicial review required under EHA is the same as that required in a personal injury action. The First Circuit has ruled that the district court's role in an EHA case is to provide a modified trial de novo. *Massachusetts Department of Education v. David D.*, 475 U.S. 1140, 106 S.Ct. 1790, 90 L.Ed.2d 336 (1986). "[W]hile courts must give 'due weight' to state administrative agencies and 'be careful to avoid imposing their view of preferable educational methods upon the States,' ... courts ultimately must make 'independent decisions based on a preponderance of the evidence.'" *Abrahamson v. Hershman*, 701 F.2d 223, 230 (1st Cir.1983) (quoting *Board of Educ. of Hendrick Hudson Central School Dist. v. Rowley*, 458 U.S. 176, 205, 206, 207, 102 S.Ct. 3034, 3050, 3051, 73 L.Ed.2d 690 (1982)). Because suit under section 1415(e)(2) is similar to a normal civil action in which all of the issues of the case

are tried de novo, RSA 508:4 provides an appropriate limiting principle to apply in EHA actions.

Moreover, a three-year statute of limitations comports with the federal policy underlying EHA. Congress sought to encourage, assist, and make whole "those plaintiffs and attorneys who worked to vindicate the rights of handicapped children under the EHA during the two-year period when the *Smith* decision precluded the award of attorney's fees under EHA." *Counsel v. Dow*, 849 F.2d 731, 739 (2d Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988).

The Court's decision to apply a three-year statute of limitations to the EHA finds support in two cases on point in New York: *Michael M., supra*, 686 F.Supp. at 1002, and *Robert D. v. Sobel*, 688 F.Supp. 861, 864 (S.D.N.Y.1988). In both *Michael M.* and *Robert D.*, the court applied a three-year New York statute of limitations governing "an action to recover upon a liability ... created or imposed by statute ..." N.Y.C.P.L.R. 214(2), to an action for attorney's fees under EHA. *Michael M., supra* at 1002; *Robert D., supra* at 864. The court in *Michael M.*, distinguishing an action for attorney's fees from EHA actions in which the parents or guardians of a handicapped child appeal an administrative determination, rejected a four-month statute for legal and policy reasons. 686 F.Supp. at 1001.

The Court also finds support for its decision in analogous cases brought under 42 U.S.C. § 1983. In *Wilson v. Garcia, supra*, the Supreme Court determined that courts entertaining claims brought under 42 U.S.C. § 1983 should borrow the state statute of limitations for personal injury actions. The Court emphasized that federal policy favors states' applying their personal injury limiting principle to actions under section 1983: "[i]t is most unlikely

interpretation. *See Burpee v. Manchester School Dist.*, 661 F.Supp. 731, 732–33 (D.N.H. 1987); *Kristi W. v. Graham Indep. School Dist.*, 663 F.Supp. 86, 88 (N.D.Tex.1987); *Unified School Dist. No. 259 v. Newton*, 673 F.Supp. 418, 422–23 (D.Kan.1987). Although this line of au-

thority reveals that courts construe the language of both attorney's fees provisions similarly, nothing in these cases addresses the limitations question at issue here. Accordingly, the Court finds defendants' contention unpersuasive.

that the period of limitations applicable to [personal injury actions] ever was, or ever would be, fixed in a way that would discriminate against federal claims, or be inconsistent with federal law in any respect." *Wilson,* 471 U.S. at 279, 105 S.Ct. at 1948. Just as relief under section 1983 compensates for a violation of a person's individual rights, so too the EHA protects a handicapped child's right to an equal educational opportunity. *See* 20 U.S.C. § 1400(b)(9) ("it is in the national interest that the Federal Government assist State and local efforts to provide programs to meet the educational needs of handicapped children in order to assure *equal protection of the law.*") (Emphasis added.) Accordingly, the Supreme Court's selection of state personal injury limitations periods in analogous section 1983 claims buttresses this Court's conclusion that RSA 508:4 I is an appropriate statute of limitations in EHA cases.[5]

### C. Finality of Judgment

■ Congress intended that HCPA would apply to actions or proceedings brought under EHA which were *pending on July 4, 1984. See* notes after text of amendment, 20 U.S.C.A. § 1415(e). Defendants next contend that the instant action should be dismissed because the judgment before the hearing officer on July 25, 1984, was final and not "pending" within the meaning of the EHA. Because the James-

es' earlier action was pending on July 4, 1984 (the hearings took place on June 1, 1984, and June 12, 1984); (the hearing officer rendered a decision on July 25, 1984), the defendants' contention is without merit. *See* Plaintiffs' Complaint ¶¶ 8, 9, and Defendants' Answer, ¶¶ 8, 9.[6]

■ Defendants argue further that even if retroactive application is appropriate in this case, such application is contrary to Part 1, Article 23, of the New Hampshire Constitution. Article 23d states: "Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil cases, or the punishment of offenses."

While defendants' argument has a certain logical appeal, the New Hampshire Supreme Court has made it clear that "[p]ublic entities such as school districts ... have no standing to assert any rights under [N.H. Const. pt. I, art. 23]." *In re Gary B.,* 124 N.H. 28, 33, 466 A.2d 929, 932 (1983). "[I]t has long been established that the provisions of part 1 of our Constitution, which constitutes our Bill of Rights, are restrictions on government action which protect our private citizens, not the government." *Town of Nottingham v. Harvey,* 120 N.H. 889, 898, 424 A.2d 1125, 1131 (1980). *See also Hodge v. City of Manchester,* 79 N.H. 437, 438, 111 A. 385, 386 (1920) (City of Manchester is a mere political subdivision of the state and, therefore,

---

**5.** On pages 37–38 of their brief, Nashua further argues that recovery of fees in this case would contravene the EHA because "the fees claimed in this case are to [the Disability Rights Center's] direct benefit as an organization, and not to reimburse the parents." Congressional advocates for the HCPA anticipated this argument:

> [I]t should be noted that money awarded to publicly funded attorneys is recycled back into the organization for which the attorney works to expand services to low income individuals. Under our present system, offices which provide legal assistance to indigent handicapped children encounter an overwhelming demand for their services, and unfortunately have very limited resources to meet this demand. It is our feeling that any additional funds made available to expand legal services to our Nation's disabled poor citizens, is money well spent.

S.Rep. No. 112, 99th Cong., 2d Sess. 17, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798,

1806 (Sept. 1986). The Court rejects defendants' contention.

**6.** In support of their argument, defendants rely upon *Georgia Ass'n of Retarded Citizens v. McDaniel,* 855 F.2d 805 (11th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 2431, 104 L.Ed.2d 988 (1989). *Georgia Ass'n* is distinguishable, however, because a final judgment denying attorney's fees had been entered in that case prior to August 5, 1986, the date of the amendment. *Id.* at 809. In the instant case, however, the issue of attorney's fees has never been adjudicated. *See Tonya K. by Diane K. v. Board of Educ. of Chicago,* 847 F.2d 1243, 1246–47 (7th Cir.1988) (retroactive application appropriate where no judicial disposition of request for fees had been made when statute enacted); *Doe v. Watertown School Comm.,* 701 F.Supp. 264, 264–65 (D.Mass.1988) (retroactive application appropriate where right to attorney's fees had not already been adjudicated) (citing a line of cases upholding retroactive effect of HCPA).

is not entitled to the benefit of Article 23). Accordingly, defendants have no standing to assert any rights under Article 23 of the New Hampshire Constitution.

### D. Discretion

■ Defendants further argue that the Court's discretionary authority should be exercised in their favor because an award of attorney's fees in these circumstances would be inequitable.

EHA grants the district court discretion to award fees. Congress intended section 1415(e)(4)(B) to be interpreted consistent with fee provisions under 42 U.S.C. § 1988 and Title VII of the Civil Rights Act of 1964. *See* S.Rep. No. 112, 99th Cong., 2d Sess. 14, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1804. Under these latter provisions, the district court's discretion to deny a fee award to a prevailing plaintiff "has been interpreted very narrowly." *Ackerley Communications, Inc., v. City of Salem,* 752 F.2d 1394, 1396 (9th Cir.1985), *cert. denied,* 472 U.S. 1028, 105 S.Ct. 3503, 87 L.Ed.2d 634 (1985). The United States Supreme Court has ruled that a successful civil rights plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enter., Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968); *see also Burney v. City of Pawtucket,* 728 F.2d 547, 550 (1st Cir.1984). Moreover, "[t]o act as an effective incentive for injured parties to seek judicial relief for civil rights violations, 'fee awards should be the rule rather than the exception.' " *Ackerley, supra,* 752 F.2d at 1396 (quoting *Teitelbaum v. Sorenson,* 648 F.2d 1248, 1251 (9th Cir.1981)).

■ The First Circuit has identified "special circumstances" which should be evaluated when ruling on a motion for attorney's fees. Specifically, the Court must consider " 'the presence or absence of any bad faith or obdurate conduct on the part of either party, and any unjust hardship that a grant or denial of fee-shifting might impose.' " *Burke v. Guiney,* 700 F.2d 767, 773 (1st Cir.1983) (quoting *Zarcone v. Per-*

ry, 581 F.2d 1039, 1044 (2d Cir.1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979)). Delay alone will not justify a denial of attorney's fees. A denial of fees, however, is warranted "in cases in which a post judgment motion unfairly surprises or prejudices the affected party." *White v. New Hampshire Dept. of Empl. Sec.,* 455 U.S. 445, 454, 102 S.Ct. 1162, 1167, 71 L.Ed.2d 325 (1982); *see also Baird v. Bellotti,* 724 F.2d 1032, 1037 (1st Cir. 1984), *cert. denied,* 467 U.S. 1227, 104 S.Ct. 2680, 81 L.Ed.2d 875 (1984). A party's delay may be prejudicial if the delay makes it difficult to accurately determine what fees were incurred. *Baird, supra,* 724 F.2d at 1034–38.

In *Baird, supra,* the court held that delays in requests for attorney's fees under 42 U.S.C. § 1988 of eight months and of thirty months, although unreasonable, would only permit a denial of fees if the defendants suffered "actual prejudice". *Baird, supra,* 724 F.2d at 1037. Regarding the thirty-month delay, the court found that the delay rendered inaccurate the memories of the witnesses and judge. In addition, reconstructing an accurate fee was made more difficult because the participating attorneys were unavailable. Thus, the court concluded that the defendants would suffer actual prejudice if fees were awarded to plaintiff. *Id.* at 1034, 1035.

The court found no prejudice to the defendants in the case of the eight-month delay, however, *id.* at 1037, primarily because the work performed by the attorneys could be much more easily appraised. *Id.* at 1036. The court noted that in the event that "an item should arise as to which forgetfulness or absent witnesses due to delay are a real factor, the court's discretion under section 1988 is broad enough to permit it to disallow the item without prolonged inquiry." *Id.* at 1037.

In the instant case, the Jameses' application for attorney's fees is "patently untimely". *Id.* at 1034 (citing *Fulps v. City of Springfield,* 715 F.2d 1088, 1096 (6th Cir. 1983). However, the Court finds none of the factors which led the *Baird* court to conclude that the thirty-month delay

caused actual prejudice to be present in this case. Although defendants assert that their former counsel no longer represents the City, the Jameses point out that each one of the participating attorneys is available to the defendants for discovery purposes. Plaintiffs' Brief at 15. Further, as the court noted in *Baird,* should an item "arise as to which forgetfulness ... due to delay [is] a real factor," *id.* at 1037, the court can exercise its discretion to disallow the item. Although mindful of the lateness of the Jameses' request, the Court finds no evidence that Nashua would experience any "unjust hardship" or "actual prejudice" in defending against this request.

 Nashua further contends that the action should be barred by the doctrine of laches because this action comes almost twenty-seven months after Congress amended the EHA. Although filed within the appropriate limitations period, laches will bar a claim to avoid an inequitable result. *Puerto Rican–American Ins. Co. v. Benjamin Shipping Co., Ltd.,* 829 F.2d 281, 283 (1st Cir.1987). Laches requires proof that "a party's delay in bringing suit was (1) unreasonable, and (2) resulted in prejudice to the opposing party." *K–Mart Corp. v. Oriental Plaza, Inc.,* 875 F.2d 907, 911 (1st Cir.1989). "Application of the [laches] doctrine is within the 'sound discretion' of the district court." *Id.* at 911 (quoting *Puerto Rican–American Ins. Co., supra,* 829 F.2d at 283).

As discussed above, the Court finds that the Jameses' delay in bringing suit is unreasonable but does not result in prejudice to Nashua. The Court notes language in *Baird* which states that "prejudice should arise more quickly in fees applications than in the more usual case," *Baird, supra,* 724 F.2d at 1033–34 n. 1, but even under this more stringent standard, the Court finds defendants have not suffered prejudice in this case. The Court does not condone the lack of diligence on the part of the James-

es' attorneys in applying for these fees; however, the concept of laches allows a party to be forgiven his unreasonable delay provided it has no prejudicial consequences. *Id.* at 1033. In light of the uniquely retroactive provision of the HCPA, the facts as set forth in both parties' briefs, and the federal policy underlying the EHA, laches does not bar the instant action.[7]

In sum, the Court finds and rules that the Jameses are entitled to attorney's fees under the EHA, 20 U.S.C. § 1415(e). Accordingly, the Jameses' motion for partial summary judgment (document no. 7) is herewith granted, and Nashua's motion for summary judgment (document no. 6) is herewith denied.

SO ORDERED.

---

**7.** Defendants further contend that the claims against the City of Nashua should be dismissed on two grounds: (1) City of Nashua is not a proper party to this action and (2) City of Nashua was never served process in this action. Lo-

cal Rule 11(c) requires both factual and legal support for all motions filed in this court. The defendants offer no authority to support the above contentions. Accordingly, the Court does not address the merits of these claims.