943 F.Supp. 387 (1996)
J.B., a minor, By and Through his parent and next friend, C.B., Plaintiff,
v.
ESSEX-CALEDONIA SUPERVISORY UNION and Lunenburg Town School Board, Defendants.
No. 95 CV 344.
United States District Court, D. Vermont.
September 19, 1996.
*388 Eileen Morris Blackwood, Blackwood and Kraynak, Burlington, VT, for plaintiff.
Georgiana Osmond Miranda, McKee, Giuliani & Cleveland, Montpelier, VT, for defendants.

OPINION AND ORDER
SESSIONS, District Judge.
This is an action for attorneys' fees and costs brought under 20 U.S.C. § 1415(e)(4) of the Individuals with Disabilities Education Act ("IDEA") and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Defendants have filed a Motion to Dismiss on the ground that the complaint is time-barred. For the reasons cited below, the Court DENIES the Motion to Dismiss.

BACKGROUND
At the time of the filing of the complaint, J.B. was an eleven year old child who resided with his parents in Lunenburg, Vermont. He has been eligible for special education services since kindergarten within the Essex-Caledonia Supervisory Union School District.
On August 29, 1994, J.B., through his parent and next friend, C.B., filed a request for a due process hearing with the Vermont Department of Education. He sought an immediate evaluation for special education eligibility and an order requiring the Department of Education to ensure that he receive appropriate services. The hearing was conducted in October and November, 1994 before a hearing officer, Catherine Stern. The hearing officer rendered an opinion on December 30, 1994, in which she found the parents to be the prevailing party. She ordered that the requested evaluations be conducted. Defendants filed a motion to reconsider her order which was denied on February 5, 1995. Defendants did not appeal.
*389 J.B.'s attorneys submitted a bill to Defendants for attorneys' fees and expenses on April 21, 1995. Defendants have not satisfied that bill. J.B. then brought suit for collection of those fees on November 20, 1995.
Defendants filed a Motion to Dismiss the complaint on December 27, 1995. They seek to have this Court apply time restrictions under Fed.R.Civ.P. 54, or, in the alternative, applicable statutes of limitations under 16 V.S.A. § 2957(d) or Rule 4 of the Vermont Rules of Appellate Procedure.

DISCUSSION
Congress did not establish a statute of limitations for actions brought in federal court under the IDEA. Therefore, this Court must determine the appropriate statute of limitations for an action for attorneys' fees brought under the IDEA.
Congress' objective in passing IDEA was that "all children with disabilities have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(c); see also Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993). The statute was enacted:
in recognition of the facts that millions of handicapped children were not receiving appropriate educational services in public schools, that state and local educational agencies have both the ability and the responsibility to provide appropriate educational services for all handicapped children, but lack the financial resources to fulfill that duty, and that it is in the national interest for the federal government to assist state and local agencies' efforts to educate handicapped children.
Riley v. Ambach, 668 F.2d 635, 636-37 (2d Cir.1981).
The Supreme Court ruled in 1984 that an award of reasonable attorneys' fees was not available to the prevailing party in an action brought under the Education of All Handicapped Children Act ("EHA"), the statute that preceded IDEA. Smith v. Robinson, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). Thereafter, in an effort to enhance IDEA's enforcement, Congress specifically provided for an award for reasonable attorneys' fees and costs to parents and guardians who prevail in the administrative process or in court under IDEA. 20 U.S.C. § 1415(e)(4)(B). Thus, Congress amended the statute to provide:
In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.
20 U.S.C. § 1415(e)(4)(B).
Notably, this provision does not include an express period during which claims must be brought. When "Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." Wilson v. Garcia, 471 U.S. 261, 266-67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). See Board of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980) (court must borrow "the state law of limitations governing an analogous cause of action"); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (when there is such a void in federal law, court must borrow statute of limitations from analogous state law).
The Supreme Court established a three part test to assist courts in selecting analogous state statutes of limitation. Wilson, 471 U.S. at 268, 105 S.Ct. at 1942. Under such a test, the court must
consider whether state law or federal law governs the characterization of [the] claim for statute of limitations purposes. If federal law applies, [the court] must next decide whether all [claims pursuant to the statute] should be characterized in the same way, or whether they should be evaluated differently depending upon the varying factual circumstances and legal theories presented in each individual case. Finally, we must characterize the essence of the claim in the pending case, and decide *390 which state statute provides the most appropriate limiting principle.
Id. "In no circumstance, however, should a court adopt a limitation period that would frustrate the policies of the federal statute." Barajas v. Bermudez, 43 F.3d 1251, 1255 (9th Cir.1994).
In the instant matter, it is clear that federal law governs the characterization of the claim. E.g. Curtis K. v. Sioux City Comm. Sch. Dist., 895 F.Supp. 1197, 1217 (N.D.Iowa 1995). Thus, the Court can turn to the second part of its inquiry.
Defendants urge the Court to adopt a short statute of limitations period. First, Defendants ask the Court to adopt the fourteen day period under Fed.R.Civ.P. 54. In the alternative, they contend that the thirty day period for appeals from administrative decisions under the Vermont Administrative Procedure Act, 3 V.S.A. § 801 et seq. and V.R.C.P. 74, or the ninety day period for appeals from special education due process hearings under 16 V.S.A. § 2957(d) is applicable. The underlying premise of Defendants' argument is that attorneys' fees claims are similar to appeals from judicial or administrative judgments. This analogy is unpersuasive.
Rule 54 establishes a fourteen day period for filing a claim for attorneys' fees upon entry of judgment by a court. It presupposes that a final judgment is entered by a court and that a post-judgment request for fees and costs is ancillary to that judgment and not a separate cause of action. However, when civil rights are at issue, it is well established that an action for attorneys' fees is a separate cause of action, distinguishable from the cause of action to be proved at trial. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 452, 102 S.Ct. 1162, 1166-67, 71 L.Ed.2d 325 (1982). Moreover, under Rule 54, the request for fees is presumed to be initiated by motion. The IDEA requires that all actions for attorneys' fees and costs be determined by actions in the district courts. 20 U.S.C. § 1415(e)(4). Actions for legal fees cannot be initiated by motion. Rule 54 is therefore inapplicable, especially when, as here, the case was resolved during the administrative process, and no judgment was entered.
Alternatively, Defendants urge the Court to incorporate time restrictions from state rules governing appeals from administrative determinations. That principle has been rejected in numerous cases involving statute of limitations questions in IDEA lawsuits. Michael M. v. Board of Education of the New York City School District, 686 F.Supp. 995, 1002 (E.D.N.Y.1988) ("[T]here is no similarity between an action for attorney's fees and an action to appeal a final administrative determination."); Robert D. v. Sobel, 688 F.Supp. 861, 864 (S.D.N.Y.1988) ("There is no similarity or analogy between an action for attorney's fees and costs, and an action to appeal a final administrative determination."); Panico v. Board of Education, 19 I.D.E.L.R. 71, 73, 1992 WL 211051 (N.D.Ill.1992) ("The decisions that address solely the statute of limitations applicable to an action for attorneys' fees under the IDEA uniformally [sic] distinguish that action from an appeal of an administrative decision concerning the student's needs.").
Furthermore, the IDEA makes it clear that actions for attorneys' fees and costs and an action for judicial review of an administrative decision are entirely separate. The statute provides for judicial review in state or federal court of administrative decisions for parties aggrieved by such decisions pursuant to 20 U.S.C. § 1415(e)(2). Actions for attorneys' fees are authorized by 20 U.S.C. § 1415(e)(4) and can be brought only by a "prevailing party" in the "district courts of the United States." In addition, the grounds upon which relief may be granted and the nature of the proceedings, or scope of review, differ. An appeal from an administrative ruling requires a modified de novo review of the administrative record together with additional evidence to be introduced by the parties. In a fee claim action, a court makes a judgment regarding an entirely different set of factual and legal questions, considering whether and to what extent the claimant is a prevailing party. Thus, the Court resolves the second part of its inquiry by finding that § 1415(e)(2) and § 1415(e)(4) of the IDEA are to be treated differently.
*391 Finally, in the case of IDEA, Congressional policy favors the protection of the educational rights of the handicapped. A short statute of limitations in attorneys' fee claims would frustrate that policy. Attorneys play the key role in today's complex society in the protection of the civil rights of individuals and groups. Enforcement of IDEA is totally dependent upon the vigorous advocacy for persons and groups who are least able to afford such representation. It is in recognition of that simple truth that Congress enacted the fee-shifting statutory scheme found in 20 U.S.C. § 1415(e)(4). Placement of a short period in which such claims could be filed violates the spirit of such legislation. This conclusion is buttressed by Congress' decision to make the fee provisions retroactive. "A short statute would tend to negate Congressional intent to encourage fee petitions for proceedings brought prior to adoption of the statute." Michael M., 686 F.Supp. at 1002.
Having found the state statutes suggested by Defendants to be unsuitable and inconsistent with federal policy, the Court now must decide which state statute of limitations provides an appropriate limiting principle. Wilson, 471 U.S. at 266-67, 105 S.Ct. at 1941-42. It begins its analysis on the third part of its inquiry by looking at the decisions of other courts faced with the question of what statute of limitations is applicable to an IDEA fee claim action.
There are a number of decisions from within this Circuit and across the country that have applied lengthy statutes of limitations to attorneys' fees claims arising out of IDEA litigation. In Robert D., the court applied a three year statute of limitations for any "action to recover upon liability, penalty, or forfeiture created or imposed by statute" to the attorneys' fees. It specifically rejected the four month statute of limitations period adopted by the Second Circuit in Adler v. Education Dep't of State of N.Y., 760 F.2d 454 (2d Cir.1985) for appeals of administrative decisions. 688 F.Supp. at 864. In doing so, it distinguished between the two actions on policy grounds by stating:
[T]he policy behind the [IDEA] of making appropriate public education available to handicapped children favored a shorter limitation period since under a longer statute of limitations the child could stay in an inappropriate program for a longer period of time because of any delay in seeking federal court review (citation omitted). [On the other hand] [t]he placement of the handicapped child would not be implicated by an action for attorney's fees incurred in the administrative proceeding under [§] 1415(e)(4)(B), since the administrative proceeding would have resolved the issue of the child's placement before the action for fees is commenced.
Id.
One month later, the United States District Court for the Eastern District of New York also rejected the shorter four month statute of limitations used by the Second Circuit for § 1415(e)(2) appeals and applied the three year statute governing "an action to recover upon a liability ... created or imposed by statute." Michael M., 686 F.Supp. at 1002.
The United States District Court for the District of New Hampshire adopted a similar approach in James v. Nashua Sch. Dist., 720 F.Supp. 1053 (D.N.H.1989). Applying a three year statute of limitations to attorneys' fees claims brought under the IDEA, the court found that a shorter limitations period would negate Congressional intent. Id. at 1057. See also, Curtis K., 895 F.Supp. at 1197 (a "catch-all" five year statute of limitations is applied to claims for attorneys' fees under IDEA); Juan R. v. San Ramon Valley Unified Sch. Dist., 24 I.D.E.L.R. 1 (N.D.Cal.1995) (a three year statute of limitations governing liability created by statute is applied); Manalo v. Mountain View Elementary Sch. Dist., 24 I.D.E.L.R. 4 (N.D.Cal.1995) (similar holding).
Having considered the relevant decisions on fee claim actions, this Court finds Vermont's six year "catch-all" statute of limitations, 12 V.S.A. § 511,[1] as most suitable to *392 actions brought for recovery of attorneys' fees and costs by prevailing parties under the IDEA. Although some courts have chosen the state's personal injury statute, see James, 720 F.Supp. at 1057, this Court declines to do so because it finds a fee claim action to be more like a claim for economic loss resulting from deprivation of one's legal rights than an injury to the person. See, e.g., Fitzgerald v. Congleton, 155 Vt. 283, 293, 583 A.2d 595, 601 (1990) (court held that economic losses incurred for regaining legal custody of plaintiff's son, including expenses for attorneys' fees, were not personal injuries and applied § 511). Such a statute is consistent with the Court's finding that a cause of action for attorneys' fees and costs is separate and distinct from appeals of administrative decisions. It is also consistent with Congressional intent, as codified in the IDEA, to encourage enforcement of the civil rights of handicapped persons in education. Thus, Plaintiffs' action for attorneys' fees in not time-barred.

ORDER
For all of the reasons cited above, the Court hereby DENIES Defendants' Motion to Dismiss (Page 2).
NOTES
[1] 12 V.S.A. § 511 states:

A civil action, except one brought upon the judgment or decree of a court of record of the United States or of this or some other state, except as otherwise provided, shall be commenced within six years after the cause of action accrues and not hereafter.