P.S. and L.S. v. Contoocook School    CV-95-154-M    09/30/96

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


P.S. and L.S.

    v.                                    Civil No. 95-154-M

Contoocook Valley School District and
School Administrative Unit #1


                            O R D E R


     Plaintiffs P.S. and L.S. seek reimbursement of attorneys'
fees, pursuant to 20 U.S.C.A. § 1415(e)(4), incurred relative to
administrative due process proceedings brought under the
Individuals with Disabilities Education Act ("IDEA") 20 U.S.C.A.
§ 1401, et. seq..  Plaintiffs move for summary judgment for an
award of attorneys' fees.  Defendants Contoocook Valley School
District and School Administrative Unit #1 also move for summary
judgment, asserting that special circumstances exist which should
preclude an award of attorneys' fees to the plaintiffs, and, in
the alternative, defendants object to the amount of fees claimed
by the plaintiffs.  The cross motions for summary judgment are
resolved as follows.

## STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party first must show the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). If that burden is met, the opposing party can avoid summary judgment on issues that it must prove at trial only by providing properly supported evidence of disputed material facts that would require trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is "material" if it might affect the outcome of the litigation, and an issue is "genuine" if the record would allow a reasonable jury to return a verdict in favor of the nonmoving party. Anderson, 477 U.S. at 248; see also National Amusements, Inc. v. Dedham, 43 F.3d 731, 735 (1st Cir.), cert. denied, 115 S.Ct. 2247 (1995). When cross motions for summary judgment are filed, the court must consider each motion separately "drawing inferences against each movant in turn." Blackie v. State of Me., 75 F.3d 716, 721 (1st Cir. 1996) (quotation omitted).

2

## DISCUSSION

The defendants challenge the plaintiffs' right to recover any attorneys' fees under the circumstances of this case, and also assert, in opposition to plaintiffs' motion, that the plaintiffs were not the prevailing party and that the amount requested is unreasonable and excessive. The plaintiffs assert their right to attorneys' fees and costs in the amount of $67,273.64.

The court may award attorneys' fees to the parents of a child who is a "prevailing party" in an action or proceeding brought under the IDEA. 20 U.S.C.A. 1415(e)(4)(B).[1] Courts have construed the statute to be consistent with the interpretation given 42 U.S.C.A. § 1988(b) by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983). See Combs v. School Bd., 15 F.3d 357, 360 (4th Cir. 1994); see also James v. Nashua School Dist., 720 F. Supp. 1053, 1060 (D.N.H. 1989) (§ 1415(e)(4) "to be interpreted consistent with fee provisions under 42 U.S.C. §1988 and Title VII of the Civil Rights Act of 1964"). Under the

---

[1]    In any action or proceedings brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party.
20 U.S.C.A. § 1415(e)(4)(B).

<u>Hensley</u> standard, a party seeking an award of attorneys' fees must show that he or she was the prevailing party in the underlying action and that the amount of fees requested is reasonable. <u>Id.</u>

## A. <u>Defendants' Motion for Summary Judgment: Special Circumstances</u>

The defendants urge the court to exercise its discretion to deny attorneys' fees to the plaintiffs on grounds that the plaintiffs' conduct during the administrative process constituted bad faith. In unusual cases, a court may decide not to award attorneys' fees to otherwise eligible plaintiffs if it finds "special circumstances" such as "bad faith or obdurate conduct" or "any unjust hardship." <u>Burke v. Guiney</u>, 700 F.2d 767, 772-73 (1st Cir. 1983); <u>accord</u> <u>James v. Nashua School Dist.</u>, 720 F. Supp. 1053, 1060-61 (D.N.H. 1989). The district court's discretion to deny attorneys' fees to prevent injustice has, however, been interpreted narrowly. <u>Id.</u> at 1060; <u>see also</u>.

In his decision in this case, the administrative hearings officer chastised both the plaintiffs and the defendants for their conduct:

> The record supports the parents' contention that the
> district predetermined the placement it would offer
> Bryan for 1994-95 prior to the development of the
> [Individualized Education Plan ("IEP")] which it

4

proposed to implement in that placement.  Likewise, the record reflects that the parents predetermined that Bryan's placement for 1994-95 would be somewhere other than ConVal High School, probably as early as February 1994.

As such, the IEP development process was predestined to fail.  Each party brought an agenda to the table about which neither was entirely forthright, and their differences, which were irreconcilable at the outset, at least in terms of their respective bottom lines, grew more intractable through a process designed to build consensus, but misused here for adversarial posturing.

Based on the findings[2] of the hearings officer, both parties were equally responsible for the excessively litigious nature of the administrative proceedings.  Therefore, the equities do not provide "special circumstances" for denying attorneys' fees in this case.  The defendants' motion for summary judgment is denied.

## B.  The Plaintiffs' Motion for Summary Judgment:  Award of Fees

The defendants contend that plaintiffs cannot meet their burden of showing both that they prevailed in the administrative proceeding and that their requested fees are reasonable.

---

[2]  The hearings officer made particular findings by granting and denying the parties' requested factual findings with reference to their numbers.  As neither party seems to have provided the referenced findings, and those are not included with the decision, those findings cannot be used here.

5

1. Prevailing party.

The hearing officer concluded that the defendants' proposed placement for the plaintiffs' child was "unlawfully predetermined prior to the development and approval of an IEP for that year" and that "[n]either the proposed IEP nor the offered placement appropriately address Byran's school-related anxiety and depression." With regard to the plaintiffs' placement of their child, the hearing officer held that "Bryan does not require a residential placement in order to access a program of special educational services appropriate to address his unique needs, and such a placement is overly restrictive." He also decided that "[t]he parents' premature pursuit of an out of district placement adversely impacted the IEP development process to an extent which warrants reduction of their entitlement to reimbursement for the costs of unilaterally placing Bryan at the Forman School." The hearing officer then determined that the school district would be responsible to pay for Bryan's non-resident tuition at the Forman School for 1994-95, but that the district would have no further responsibility for the costs of Bryan's education there.

Although the hearing officer did not make a finding that the plaintiffs were the prevailing party, their partial success, at least as to Bryan's placement and the district's obligation to

6

pay non-resident tuition, speaks for itself.  See, e.g.,
Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 897
(9th Cir. 1995); Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149,
160-61 (3d Cir. 1994); see also Nadeau v. Helgemoe, 581 F.2d 275,
278-81 (1st Cir. 1978 (explaining catalyst and merits theories of
prevailing party).  Accordingly, the plaintiffs have carried
their burden of showing that, given the undisputed facts, they
were prevailing parties within the meaning of § 1415(e)(4).

2.  Reasonable attorneys' fees and costs.

Pursuant to § 1415(e)(4)(B), prevailing plaintiffs are
entitled to reasonable attorneys' fees and costs.  The beginning
point in calculating a fee award is generally to determine the
"lodestar" amount--the reasonable number of hours spent working
on the case multiplied by a reasonable hourly rate.  See, e.g.
Phetosomphone v. Allison Reed Group, Inc., 984 F.2d 4, 6 (1st
Cir. 1993).  Then, the lodestar amount may be adjusted to reflect
other circumstances such as the significance of the prevailing
party's overall success.  See Hensley, 461 U.S. at 436.

In this case, the plaintiffs assert that five attorneys
worked on their case and charged fees ranging from $75.00 to
$125.00 per hour for representation prior to the administrative

7

due process hearing, during the hearing, and in the present action to recover fees and costs. The plaintiffs support the reasonableness of their hourly rates with an affidavit executed by an attorney in private practice in Vermont, who stated that he was familiar with plaintiffs' counsel and with the rates charged in 1994 in the area and opined that the stated rates are reasonable for the type of work performed. See, also, Bailey v. District of Columbia, 839 F. Supp. 888, 890 (D.D.C. 1993) (hourly rates of special education lawyers in the District of Columbia ranged from $150 to $230 in 1993). Plaintiffs have not provided the total time billed, although the billing records do include time entries. The plaintiffs also erroneously include time billed by their legal expert, $2800.00, as part of their attorneys' fees, which claim is properly considered with the other expert witness fees claimed. Plaintiffs, through the medium of counsel's affidavit, state that total attorneys fees and expenses actually incurred through October 1995 was $53,854.74. Reduced by the legal expert's fee of $2800.00, plaintiffs claim $51,054.74 in attorneys fees and expenses.

Given plaintiffs' partial success, but also taking into consideration plaintiffs' process-frustrating tactics as described by the hearing officer, and the apparent overlawyering

8

reflected in the papers submitted, the court determines that the lodestar amount of $51,054.74 should be reduced by half to $25,527.37.  See, e.g., E.M. v. Millville Bd. of Education, 849 F. Supp. 312, 317 (D.N.J. 1994).

In addition, plaintiffs request a total of $13,418.90 in expenses billed by "expert witnesses and others in connection with the administrative due process hearing and the instant action."  Prevailing parties are entitled to "'reasonable expenses and fees of expert witnesses and the reasonable costs of any test or evaluation which is found to be necessary for the preparation of the parent or guardian's case in the action or proceeding, as well as traditional costs incurred in the course of litigating a case.'"  Field v. Haddonfield Bd. of Educ., 769 F. Supp. 1313, 1323 (D.N.J. 1991) (emphasis added) (quoting legislative history).  Documentation of the fees and expenses charged by the various supporting players, only some of whom testified at the administrative due process hearing, provides hours and rates charged, but does not sufficiently establish either that the costs were reasonable for the services provided or that the services were necessary to prepare the plaintiffs' case.  The legal expert failed to provide an itemized bill to support his $2800.00 fee, thereby preventing any meaningful

9

evaluation of its reasonableness. Plaintiffs' attorney's statements in his affidavit supporting plaintiffs' motion for summary judgment are insufficient to show that those expenses were necessary to prepare the plaintiffs' case, particularly in light of the hearing officer's evaluation of the parties' performances during the IEP process and administrative part of this case. Defendants of course hotly contest the reasonableness and necessity of the plaintiffs' substantial expert expenses claim.

Finally, the plaintiffs request an additional $1505.76 in "miscellaneous costs" that they claim resulted from the litigation. They cite no authority supporting their claim for reimbursement of these undefined expenses. The request for miscellaneous costs is denied.


**CONCLUSION**

Plaintiffs' motion for summary judgment (document no. 13) is granted in part and denied in part. Plaintiffs are awarded $25,527.37 in attorneys' fees; their request for miscellaneous expenses is denied; and their request for expert expenses is denied without prejudice to filing, within <u>sixty days</u> of the date of this order, a new motion, properly supported with explanatory

10

documentation, for reasonable expert expenses showing which of those expenses were <u>necessary</u> to the preparation of the plaintiffs' case, and why they are <u>reasonable</u> in amount.  Prior to filing any new motion, however, the parties shall meet and make <u>good</u> <u>faith</u> efforts to reach an accommodation on the outstanding reimbursement claims so that further litigation of this issue will be unnecessary.  The defendants' motion for summary judgment (document no. 15) is denied.


SO ORDERED.


 

_____
Steven J. McAuliffe
United States District Judge

September 30, 1996

cc:  Louis W. Helmuth, Esq.
     Grant C. Rees, Esq.