SportsMEDIA TECHNOLOGY
CORP., Plaintiff,

v.

John G. UPCHURCH, Cheryl E. Bagshaw
and Key Telestats, Inc., Defendants.

Civ. A. No. 93–486–JJF.

United States District Court,
D. Delaware.

Dec. 6, 1993.

M. Duncan Grant, Kathryn A. Kelly, Pepper Hamilton & Scheetz, Wilmington, DE. Matthew H. Adler, William H. Oldach, III, Pepper Hamilton & Scheetz, Philadelphia, PA, for plaintiff.

William J. Marsden, Jr., Gayle P. Lafferty, Potter, Anderson & Corroon, Wilmington, DE. Richard W. Evans, Gloria Cabada–Leman, Moore & Van Allen, Durham, NC, for defendants.

## MEMORANDUM OPINION

FARNAN, District Judge.

Plaintiff, SportsMEDIA Technology Corporation ("SportsMEDIA"), filed this copyright action against Key TeleStats, Inc. and two individuals, John G. Upchurch and Cheryl E. Bagshaw. Defendants filed a Motion to Dismiss, or in the Alternative, to Transfer. Defendants contend that (1) the case should be dismissed (a) for lack of subject matter jurisdiction, or (b) on forum non conveniens grounds, or (2) in the alternative, the case

should be transferred pursuant to 28 U.S.C. § 1404(a).

Briefing on Defendants' Motion was expedited and the matters pending are ripe for decision.

## I. BACKGROUND

The individual Defendants, Upchurch and Bagshaw, were at one time employed by SportsMEDIA. After their departure from SportsMEDIA, they formed Defendant, Key TeleStats, Inc., as a North Carolina corporation, and now serve as officers of that corporation.

From what the Court has learned to date, both SportsMEDIA and Key TeleStats, through the use of software, provide real-time scoring data that can be presented on TV screens in connection with auto racing events.

In this action, SportsMEDIA alleges that Defendants misappropriated SportsMEDIA software or portions of it and used the misappropriated software during a racing event held in Dover, Delaware. SportsMEDIA seeks various forms of injunctive relief as well as damages.

The complexities of this matter are, perhaps, best demonstrated by the statement of Defendant Upchurch in Paragraph 13 of his Affidavit:

> During my employ with SportsMEDIA, my duties included writing portions of the source code for the software which Plaintiff alleges Key TeleStats has infringed. Gerard Hall, the principal and sole owner of SportsMEDIA, admitted to me during my employ that he had taken portions of the SportsMEDIA code from NBC, with whom Mr. Hall had a previous working relationship. Mr. Hall admitted that he was not the author of the code and was not authorized to take the code, and that he feared NBC would discover his misappropriation.

## II. MOTIONS TO DISMISS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants argue this matter should be dismissed because it was commenced in violation of 17 U.S.C. section 411. Defendants contend that section 411 requires registration of the copyright of any work prior to instituting an action for infringement of the copyrighted work. 17 U.S.C. § 411.

The Court is persuaded that the court in *Tang v. Hwang*, 799 F.Supp. 499, 502–03 (E.D.Pa.1992) articulated the most relevant interpretation of the requirements imposed by section 411. The *Tang* Court construed section 411 "to allow for the commencement of an infringement action upon the Copyright Office's receipt of the application . . ." From the present record, it appears Plaintiff met this standard by submitting its application for registration on October 6, 1993, one day before the filing of its Complaint on October 7, 1993. Moreover, at this time, the Court believes any jurisdictional defect that may have existed on October 7, 1993, has now been mooted by the issuance of a copyright registration (See Exhibit B to the Amended Complaint). For these reasons, the Court will deny Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

### B. Motion to Dismiss Under Doctrine of Forum Non Conveniens

Defendants seek to have this action dismissed based on the inconvenience of this Court to Defendants and Defendants' witnesses, and the availability of the North Carolina state courts to litigate the matter. Defendants assert that the North Carolina courts are more convenient for them. When considering forum non conveniens applications, district courts are instructed to focus their inquiry on the question of whether retention of jurisdiction is convenient and just under all the circumstances of the case. *Hoffman v. Goberman*, 420 F.2d 423, 426–27 (3d Cir.1970). Because the Court believes its discussion on Defendants' Motion to Transfer will address this "convenience" standard, the Court will move directly to its consideration of Defendants' Transfer Motion.

## III. MOTION TO TRANSFER THIS CASE TO THE EASTERN DISTRICT OF NORTH CAROLINA

As Defendants have observed, district courts are vested with broad discretion

in deciding whether to transfer a case to another district. The standard under which transfer applications are considered requires district courts to consider the convenience of parties and witnesses, the interest of justice, and whether the action could have been brought in the suggested transferee court. 28 U.S.C. § 1404(a); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 23–25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).

In this case, because there is no dispute that the action could have been brought in the Eastern District of North Carolina, the Court will proceed to its discussion of the convenience and interest of justice factors.

It seems that transfer motions have become routine in this district in most commercial cases. It also seems that the more the Court writes about transfer principles and their application, the less substantial the reasons offered by parties in support of transfer applications have become.

This case is different. Counsel have submitted briefs that are exceptional. The statements of the relevant legal principles are clear and accurate. The arguments and reasoning offered in support of each side's position is forceful but civil and intellectually honest.

For its part, Plaintiff asserts that because Defendants chose to come to Delaware and purportedly injure Plaintiff, Defendants now cannot complain about being sued in Delaware. It is Plaintiff's contention that Plaintiff's choice of forum should receive paramount consideration in the Court's transfer analysis. Defendants, on the other hand, argue convincingly that the convenience of the parties and witnesses is best served by resolution of the instant dispute in North Carolina. Defendants assert that everything relevant to this litigation is located in North Carolina, and that the only inconvenience that might occur by litigation in North Carolina would be to Plaintiff's counsel.

After carefully weighing the assertions and arguments of both parties, the Court finds that the balance of the "convenience" factors and choice of forum factor is absolutely equal given the nature and circumstances of this case. The Court is persuaded that in copyright cases Plaintiffs must be given broad rein to attack alleged violations of their rights. In such cases, it seems reasonable that the Plaintiff's choice of forum, particularly when it is the forum where the alleged violation is committed, should be given heightened consideration in the transfer analysis. On the other hand, the Court is convinced that Defendants have presented a strong case that North Carolina is probably more convenient than Delaware for the parties and their witnesses. With the scales in equal balance, the Court has searched for some fact or circumstance that may tip the scales and break the deadlock. That fact or circumstance is the Intellectual Property Agreements that were executed by the Plaintiff and the individual Defendants, Upchurch and Bagshaw.[1]

In pertinent part, the Agreements provide that should SportsMEDIA bring a lawsuit against Upchurch and Bagshaw outside of North Carolina, they each agree to "waive any objection which [they] may have to the laying of venue of any such suit, action or proceeding in any such court and any claim or defense of inconvenient forum." For the Court, it is the voluntary Agreements of the parties that tip the scales in favor of Plaintiff.

As cited by the Defendants, the Court is mindful that the Court of Appeals for the Third Circuit has found that a private agreement cannot by itself outweigh the convenience of witnesses and interest of justice factors. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 758 (3d Cir.1973). However, in this case, when considered independent of the Agreements, the Court has found that all convenience considerations are in equal balance with the choice of forum factor. The Agreements between the parties merely tip the scales against the convenience factor.

---

1. Defendants argue that Defendant Key TeleStats, Inc. is not a party to the Agreement and therefore the Agreement should be excluded from the Court's consideration. For purposes of Defendants' Motion to Transfer, the Court finds Key TeleStats, Inc. to be Defendants Upchurch and Bagshaw by virtue of the positions in and relationships these individuals have to Key TeleStats, Inc.

Finally, a word about the interest of justice as it pertains to litigation economies. Without detailing the fallacies of A.O. statistics and "rocket docket" designations, the Court will recognize, for purposes of this litigation, that this district is the rocket docket district. This is because the Court believes the parties will be able to obtain resolution of their dispute as quickly and efficiently as their schedules permit.

In conclusion, for the reasons expressed in this Memorandum Opinion, Defendants' Motion to Dismiss and Motion to Transfer will be denied by entry of an appropriate Order.