PS and LS v. Contoocook Valley School CV-95-154-M 02/12/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


P.S. and L.S.

v.                                          Civil No. 95-154-M

Contoocook Valley School District and
School Administrative Unit #1


O R D E R


Plaintiffs have filed a second motion pursuant to 20 U.S.C.A. § 1415(e)(4) to recover expert witness costs associated with an administrative due process proceeding brought under the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C.A. § 1401, et. seq.. Plaintiffs' request for expert witness fees was initially denied without prejudice to refiling because they had not provided sufficient supporting information. The parties were urged to resolve the question of expert witness fees between them. Unfortunately, they cannot. Plaintiffs have now refiled their request with additional supporting materials. Defendants object.

The parents of a child who prevails in a proceeding under the IDEA may be awarded "'reasonable expenses and fees of expert witnesses and the reasonable costs of any test or evaluation which is found to be necessary for the preparation of the parent or guardian's case.'" Field v. Haddon Field Bd. of Educ., 769 F. Supp. 1313, 1323 (D.N.J. 1991) (quoting H.R.Conf.Rep. No. 687, 1986 U.S.Code Cong. & Admin. News 1798, 1808). To be necessary

to the presentation of the case, the use of the expert must be more than helpful, and his or her involvement must be focused on the proceeding.  See E.M. v. Millville Bd. of Educ., 849 F. Supp. 312, 317-18 (D.N.J. 1994).  Charges for administrative work that is not part of the litigation are not recoverable.  Fenneman v. Town of Gorham, 802 F. Supp. 542, 454 (D. Me. 1992).  Plaintiffs bear the burden to show that their requested expert expenses meet the standard for reimbursement.  See Bailey v. District of Columbia, 839 F. Supp. 888, 892 (D.D.C. 1993).

Plaintiffs request reimbursement for the expenses of Dr. Roger LaMora, a certified psychologist; Dr. Richard Kemper, a "psycholinguist" with expertise in written language; Richard Dufresne, a social worker; Caryl Patten, an educational advocate; and Dr. Sarah Brophy who provided a written evaluation report regarding the plaintiffs' child.  The plaintiffs also request reimbursement for fees charged by an attorney who provided an expert opinion regarding the reasonableness of their attorney's fees for which they sought reimbursement in their first motion and the fees charged for preparing this motion.  The requests are addressed as follows.

## A.  Dr. LaMora and Dr. Kemper

Plaintiffs contend that Dr. LaMora and Dr. Kemper presented two different aspects of their child's disability and that each witness was necessary to properly contest the school district's plan for their child.  Plaintiffs contend that therapy for their

child, an evaluation of him, and observations at his school by LaMora and Kemper were necessary for the experts to prepare their testimony for the hearing. They seek reimbursement for the those charges and for the charges for the time each expert spent consulting with their attorneys to prepare for the hearing.

In his decision following the due process hearing, the hearings officer observed that "there is ultimately little real dispute between the parties about what [the child's] weaknesses are, or how severe they are." Instead, the essence of the parties' disagreement was whether the child could or could not profitably learn in a public school environment in the program offered by the school district. The hearings officer concluded that a private school placement, though not a residential program, was necessary. On balance, it seems that, to some extent at least, the experts' testimony was probably "necessary" to present plaintiffs' case.

Several of the activities, for which reimbursement is sought, were not necessary to present the case, however. Therapy sessions with Dr. LaMora between December 1993 and September 1994 appear to have been primarily for treatment purposes rather than to prepare for the due process hearing, which was held in October 1994. Dr. LaMora's charge for attendance at a school team meeting, without further explanation, is not reimbursable. Even if Dr. LaMora's and Dr. Kemper's other activities, as described by the plaintiffs, were "necessary" to the plaintiffs' case, plaintiffs have not satisfied the court that those efforts

3

qualify for reimbursement under the reasonableness element of the standard.

Addressing the reasonableness of their experts' charges, plaintiffs note that Dr. LaMora charged $95.00 per hour and that Dr. Kemper charged $90.00 per hour. The only comparable service offered by the plaintiffs for comparison was the school district's expert whose hourly rate in 1994 was $65.00. That rate was substantially less than either of plaintiffs' experts' hourly rates of $90.00 and $95.00. Without further explanation by plaintiffs, their experts' hourly rates appear to be high.

Plaintiffs request $1,007.50 for their child's therapy sessions with Dr. LaMora from December 1993 through September 1994, $250.00 for LaMora's attendance at a school team meeting, $1,500.00 for school observations, $500.00 for consultation with their attorneys, and $1,000.00 for his participation in the due process hearing, for a total of $4,257.50. With regard to Dr. Kemper, plaintiffs request reimbursement for Dr. Kemper's charges of $900.00 for his evaluation of the child in March 1994, $1,350.00 for his school observations, and $1,035.00 for consultation with their attorneys in preparation for the due process hearing and for time spent testifying, for a total of $3,285.00.

The plaintiffs' statements about their experts' hourly rates and charges are no doubt accurate, but they are not particularly helpful, as plaintiffs have failed to show that the time and effort expended by Dr. LaMora and Dr. Kemper (and the resulting

4

fees charged) were reasonable given the context of the dispute and the nature of the issues to be resolved. As documentary support for their requests for reimbursement, plaintiffs simply direct the court to their response to defendants' request for production of documents that includes copies of billing records for all of the plaintiffs' experts. Plaintiffs offer no direction or enlightenment as to which records correspond to what services, and they make no specific reference to particular bills or records. In addition, many of the bills appear to be duplicative and are not all readily attributable to the services described in plaintiffs' memorandum.

It also appears from the billing records that while certain charges might well have been reasonable under some circumstances, given the context and nature of the issues to be resolved, other charges were not reasonably incurred in connection with this IDEA proceeding. For instance, Dr. LaMora billed $1,000.00 for a school observation which was apparently conducted in one day, and the plaintiffs offer no explanation or justification for this apparently excessive amount of time (more than ten hours at his hourly rate) or the excessive charge (if he spent less than ten hours). Dr. Kemper charged $900.00 for an evaluation that plaintiffs do not attempt to explain; does the charge reflect ten hours of work at the hourly rate, or was the charge based on a higher than usual hourly rate, and was all the time spent really necessary?

Plaintiffs' supporting materials are neither particularly well organized nor particularly informative, and the disclosed costs have a decided appearance of overkill and imprudent unnecessary spending relative to the proceeding and issues at hand. While some costs, such as charges for the experts to attend the due process hearing, were no doubt "necessary," the court finds that the total amount requested fails under both the necessary and reasonableness tests. See Bailey, 839 F. Supp. at 892 ("When extravagant costs are undocumented, the court questions whether they are truly necessary and often disallows them.")

Plaintiffs, who bear the burden to do so, have not provided sufficient information in useable form to permit the court to cull out "necessary and reasonable" charges from the others on anything but a rough estimate basis. Accordingly, the court will subtract from the total claimed specific charges deemed unnecessary or unreasonable and reduce the remaining amount requested by one half to reflect a more reasonable amount of time and effort that reasonably should have been expended in this case. Plaintiffs are awarded $1,500.00 toward the fees charged by Dr. LaMora and $1642.50 toward those charged by Dr. Kemper.

**B. Caryl Patten**

Plaintiffs seek a total of $1,185.64 in reimbursement for fees charged by Caryl Patten, who is described as an "educational advocate" with whom plaintiffs had consulted about their child's

6

educational needs.  Plaintiffs state that Ms. Patten charged $32.00 per hour for her services, but they do not offer an explanation of her expertise or any rates of comparable experts to provide a context for evaluating the reasonableness of her hourly rate.

Although it is unclear, plaintiffs seem to contend that only Ms. Patten's work in October and her testimony at the due process hearing were "necessary" for their case. ("Plaintiffs submit that the services provided by Ms. Patten during the administrative due process hearing, in terms of her post September, 1994 preparatory and consultative work and her testimony was not only necessary to the preparation of the S.'s case . . . but is also a traditional [sic] incurred in the course of litigating a case such as this . . .")  Ms. Patten's bill, which is included in the records submitted by plaintiffs and totals the amount sought in reimbursement, includes a substantial number of charges in September as well as October 1994.  Her charge for time testifying at the hearing on October 13 was $56.00.

Ms. Patten, however, apparently testified as a hostile witness for the school district and was not called as a witness by plaintiffs.  Plaintiffs have not sufficiently defined Patten's role in their preparation for the due process hearing, nor have they explained the benefit of her consultation or her testimony. In sum, plaintiffs have not met their burden of showing that the charges by Ms. Patten were either reasonable or necessary within

7

the applicable standard. Plaintiffs are not awarded reimbursement for those charges.

## C. **Richard Dufresne**

Plaintiffs describe Richard Dufresne, a social worker, as a "professional consultant" involved in plaintiffs' child's education. Dufresne anticipated testifying at the hearing, but did not. Plaintiffs seek reimbursement of $1,600.00, representing Dufresne's charges for counseling between August 1993 and September 1994 and $540.00 for his time preparing for and set aside for the hearing. The counseling, which is not explained, appears to be for treatment unrelated to the hearing. As Dufresne did not testify at the hearing, his services such as they might have been, and his preparation were neither necessary to plaintiffs' case nor was the expense reasonably incurred. No reimbursement is allowed.

## D. **Evaluation by Dr. Sarah Brophy**

Although it is not entirely clear, it seems from the hearing officer's decision that Dr. Brophy's evaluation of the child was used productively by both plaintiffs and the school district to advocate programs and placement for the child. Plaintiffs request $475.00 as Dr. Brophy's fee for evaluating the child, conducted over two days, and for her report. However, plaintiffs have not pointed to any billing records or other documentation in the record that establish Dr. Brophy's charges for the

8

evaluation. Instead, plaintiffs rely on their own answer to defendant's interrogatory that provided the dates and cost of Dr. Brophy's evaluation. Although plaintiffs' showing would not ordinarily be sufficient to support their request for reimbursement for Dr. Brophy's services, because this amount does have the facial indicia of reasonableness and necessity lacking in plaintiffs other claims, the court will allow reimbursement for the cost of Dr. Brophy's evaluation.

## E.  Additional Attorneys' Fees

Plaintiffs also seek reimbursement for fees billed by Attorney Jeffrey Taylor, who provided an expert opinion by affidavit regarding the reasonableness of plaintiffs' attorneys' fees. Plaintiffs assert that Taylor spent sixteen hours and charged $100.00 per hour to prepare his opinion affidavit, and charged an additional $1,458.83 to prepare for and give a deposition (requested by defendants). Taylor's billing records, which plaintiffs have submitted, present two lump sum amounts with a general summary of work done in sixteen and twelve hour billing periods, and a third bill for 2.4 hours and $18.83 for photocopying, postage, and telephone calls. In this court's order of September 30, 1996, plaintiffs were cautioned that Attorney Taylor's lump sum bills were not sufficiently detailed to support a request for reimbursement. His efforts and charges related to this assignment are facially excessive, unreasonable, and insufficiently documented by date, task, and time to justify

9

the amount charged. Plaintiffs are awarded $400.00 as reasonable reimbursement for Attorney Taylor's work in preparing his affidavit; no more than four hours should have been necessary to review the rates charged and the services provided by plaintiffs' attorneys and to prepare an opinion affidavit.

No one has explained the necessity for defendants' deposing Attorney Taylor, but even though they bear the burden of demonstrating their entitlement to reimbursement, plaintiffs should not bear the cost of that apparently unnecessary and questionable expense. On the other hand, plaintiffs should not recover unreasonable or unnecessary charges for Attorney Taylor's preparation for the deposition. The time Taylor should reasonably have spent preparing his affidavit should also have been adequate preparation for the deposition, given the limited nature of any relevant inquiry. Unfortunately, once again, the undifferentiated state of the billing records does not provide a reliable means by which to determine what time Attorney Taylor actually spent giving the deposition. The court finds that three hours would be a more than reasonable estimate of the time required to exhaust the subject and awards $300.00 as a reasonable charge for time necessarily spent in the deposition.

Plaintiffs also request an award of $1,531.25 in attorney's fees for preparing the current motion for reimbursement. As the present motion should have been entirely unnecessary had counsel properly presented plaintiffs' request for expert witness fees in the first motion, and given that they still have not filed a

10

properly supported motion, plaintiffs are not entitled to reimbursement for fees related to this motion. The court is not inclined to exercise its discretion to award fees under these circumstances for fear of encouraging inadequate preparation in the future, and rewarding practices that unduly burden and waste public resources.

## CONCLUSION

Plaintiffs' motion for expenses and costs of litigation (document no. 24) is granted in part and denied in part. Plaintiffs are awarded and defendant shall pay $3,592.50 as reimbursement for costs incurred in obtaining experts' services related to the hearing, and $700.00 for costs billed by Attorney Jeffrey Taylor. All other claims for reimbursement are denied. The Clerk of Court is instructed to close the case.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

February 12, 1997

cc:  Louis W. Helmuth, Esq.
     Grant C. Rees, Esq.

11